**CIVIL COVER SHEET**

16 0001

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Raymond Lerro
4361 Bermuda Street
Philadelphia PA 19124

**DEFENDANTS**

Robert Morrel
4318 East Stile Street
Philadelphia PA 19124

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Holly C Dobrosky, Esquire  215-880-7871
100 S. Broad Street, Suite 1120
Philadelphia PA 19110

Attorneys *(If Known)*
unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☒ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC §1983

Brief description of cause:
Raymond Lerro was falsely arrested.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $250,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   N/A

JUDGE _____   DOCKET NUMBER _____

JAN - 1 2016

DATE  12/31/15

SIGNATURE OF ATTORNEY OF RECORD
Holly C Dobrosky

S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — **DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Raymond Lerro- 4501 Bermuda Street, Philadephia PA 19124

Address of Defendant: Robert Morrel- 4318 East Stile Street, Philadelphia PA 19124

Place of Accident, Incident or Transaction: January 1, 2014 on Aramingo Ave, Phila. PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: N/A    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Holly C Dobrosky, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/31/15    _signature_ Attorney-at-Law    65917 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.    JAN - 1 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/31/15    _signature_ Attorney-at-Law    65917 Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Raymond Lerro : CIVIL ACTION
      v. :
Robert Morrel, et al : NO. 16  0001

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| | | |
|---|---|---|
| 12/31/15 | *Holly Dobrosky* | Raymond Lerro |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-880-7871 | 215-750-1494 | H Dobrosky@hotmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

2015 DEC 32 A 2:42
USDC-EDPA

JAN - 1 2016







FILED

JAN 01 2016

MICHAEL E. KUNZ, Clerk
By____RT____Dep. Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND LERRO                                  :     JURY TRIAL DEMANDED
4561 Bermuda Street                            :
Philadelphia, PA 19124,                        :     CIVIL ACTION NO.
                        *Plaintiff,*           :
                                               :
            v.                                 :
                                               :
ROBERT MORREL                                  :              16        0001
4318 East Stiles Street                        :
Philadelphia, PA 19124                         :
            and                                :
HOLLY MORREL                                   :
4318 East Stiles Street                        :
Philadelphia, PA 19124                         :
            and                                :
TONY BELEN                                     :
313 East Cornwall Lane                         :
Philadelphia, PA 19134                         :
            and                                :
POLICE OFFICER CHARLES SQUARES #6422           :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                         :
            and                                :
POLICE OFFICER ANDRE HUDGENS #7402             :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                         :
            and                                :
POLICE OFFICER DAVID RICHARDSON #3580 :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                         :
            and                                :
POLICE OFFICER AVILES #2955                    :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                         :
            and                                :
DETECTIVE JOHN HOPKINS #691                    :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                         :
            and                                :
DETECTIVE KEITH SCOTT #7603                    :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                         :

and                                          :
DETECTIVE JOSEPH MURRAY #7614                 :
1515 Arch Street, 14th Floor                 :
Philadelphia, PA 19102                        :
    and                                      :
DETECTIVE DENNIS ROSENBAUM #154              :
1515 Arch Street, 14th Floor                 :
Philadelphia, PA 19102                        :
    and                                      :
SERGEANT JEROME MOORE #815                   :
1515 Arch Street, 14th Floor                 :
Philadelphia, PA 19102                        :
    and                                      :
THE CITY OF PHILADELPHIA                     :
1515 Arch Street, 14th Floor                 :
Philadelphia, PA 19102,                      :
            *Defendants.*                    :

## COMPLAINT

### PARTIES

1.      Plaintiff, Raymond Lerro is an adult individual who resides at 4561 Bermuda Street, Philadelphia County, Commonwealth of Pennsylvania.

2.      Defendant, Robert Morrel is an adult individual who resides at 4318 East Stiles Street, Philadelphia County, Commonwealth of Pennsylvania.

3.      Defendant, Holly Morrel is an adult individual who resides at 4318 East Stiles Street, Philadelphia County, Commonwealth of Pennsylvania.

4.      Defendant, Tony Belen is an adult individual who resides at 313 East Cornwall Lane, Philadelphia County, Commonwealth of Pennsylvania.

5.      Defendant, Police Officer Charles Squares is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

6.      Defendant, Police Officer Andre Hudgens is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

7.      Defendant, Police Officer David Richardson is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

8.      Defendant, Police Officer Aviles is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

9.      Defendant, Detective John Hopkins is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

10.      Defendant, Detective Keith Scott is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

11.      Defendant, Detective Joseph Murray is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the

City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

12.     Defendant, Dennis Rosenbaum is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

13.     Defendant, Sergeant Jerome Moore is, and was, at all times relevant to this Complaint, an employee of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

14.     Defendant, City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which, at all times relevant hereto, employed defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore; said defendant maintains an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

15.     At all times relevant hereto, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore were acting in the course and scope of their authority and employment as members of the Philadelphia Police Department with the City of Philadelphia.

16.     At all times relevant hereto, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore were acting under color of state law and authority.

17.     Defendants, Robert Morrel, Holly Morrel, Troy Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia are jointly and severally liable for the injuries and damages suffered by plaintiff, Raymond Lerro as fully set forth below.

## JURISDICTION

18.     Plaintiff, Raymond Lerro brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4) and the aforementioned statutory and Constitutional provisions.

19.     Plaintiff, Raymond Lerro further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law as they arise out of a common nucleus of operative facts.   Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

20.     On or about January 1, 2014 at approximately 11:58 p.m., plaintiff, Raymond Lerro was lawfully in the area of Philadelphia near Richmond Street, Orthodox Street, Lefever Street, Aramingo Avenue, Margaret Street, Richmond Street, and Bermuda Street.

21.     On the aforesaid date, time, and location, plaintiff, Raymond Lerro was on his way from work to his home located at 4561 Bermuda Street in Philadelphia when he came into contact with, and was involved in an incident with defendants, Robert Morrel, Holly Morrel, and Tony Belen.

22.     During the incident, the vehicle operated by defendant, Robert Morrell, and in which defendants, Holly Morrel and Tony Belen were passengers, collided with the vehicle operated by plaintiff, Raymond Lerro.

23.     Plaintiff, Raymond Lerro did nothing to cause, provoke, and/or or otherwise instigate the aforesaid incident.

24.     To the contrary, the aforesaid incident was caused, provoked, and/or instigated by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

25.     During the aforesaid incident, plaintiff, Raymond Lerro was the victim of an assault and battery committed by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

26.     After the aforesaid incident, in an effort to cover up their own wrongful conduct, defendants, Robert Morrel, Holly Morrel, and Tony Belen erroneously reported to various members of the Philadelphia Police Department that plaintiff, Raymond Lerro engaged in inappropriate, even criminal conduct towards them in that, on the aforesaid

date, time, and location, he operated his vehicle in a careless and/or reckless manner, operated his vehicle to intentionally frighten them, operated his vehicle at an excessive rate of speed, operated his vehicle while failing to obey any and all traffic control devices in his path, repeatedly pursued their vehicle for no apparent reason, repeatedly pursued other random vehicles for no apparent reason, repeatedly attempted to strike their vehicle by driving forward as well as in reverse, repeatedly attempted to strike other random vehicles by driving forward as well as in reverse, operated his vehicle both forwards and backwards to repeatedly follow and pursue their vehicle, pursued their vehicle by performing numerous U-turns, turning complete circles, crossing over medians, barriers, and islands, pursued their vehicle by repeatedly circling various and numerous street blocks to follow them, pursued their vehicle by operating his vehicle on the pavement, pursued their vehicle by operating his vehicle in the wrong direction on a one-way street, pursued their vehicle in reverse at an excessive speed intentionally causing the rear of his vehicle to collide with the front of their vehicle, then traveling in one direction on a street, jumping over a concrete island, and then traveling on that same street but in a different direction to maintain contact with them, then pointing a handgun out the window of his vehicle and intentionally firing a gun multiple times at defendants, Robert Morrel, Holly Morrel, and Tony Belen.

27.     Subsequently, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and/or Sergeant Jerome Moore all conducted some portion of the investigation into the aforesaid alleged incident as reported by defendants, Robert Morrel, Holly Morrel, and

Troy Belen by conducting various law enforcement tasks such as interviewing and taking statements of the aforesaid defendants, searching for any independent witnesses to the alleged incident, visiting the scene of the alleged incident, photographing the scene of the alleged incident, searching the scene of the alleged incident for any evidence that supports the alleged victims assertion that the alleged incident actually occurred, photographing the scene of the alleged incident, identifying and interviewing and/or attempting to interview and identify any and all independent witnesses to the alleged incident, locating, obtaining, and viewing video surveillance footage which captured portions of the alleged incident, conducting a search of the plaintiff's person for a handgun when they searched for and encountered him shortly after the aforesaid incident, conducting a visual examination of the outside of the vehicle which plaintiff operated during the alleged incident, photographing the outside of the vehicle, conducting a search of the inside of the vehicle which plaintiff operated during the alleged incident, photographing the inside of the vehicle, conducting a search of the residence where plaintiff returned to after the alleged incident, photographing the search of the residence, and otherwise purportedly conducting all tasks necessary to ensure that they had a reasonable basis to arrest plaintiff and charge him with various criminal offenses which he allegedly committed against defendants, Robert Morrel, Holly Morrel, and Tony Belen.

28.     During the aforesaid investigation, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore did not locate any ballistic evidence at the scene which supported the erroneous assertion by the alleged victims,

defendants, Robert Morrel, Holly Morrel, and Troy Bolden that the alleged incident actually occurred.

29.     During the aforesaid investigation, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore did not locate physical evidence on plaintiff's person, from inside the plaintiff's vehicle, and/or from inside the plaintiff's residence, which supported the erroneous assertion by the alleged victims, defendants, Robert Morrel, Holly Morrel, and Troy Bolden that the alleged incident actually occurred.

30.     During the aforesaid investigation, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and/or Sergeant Jerome Moore did not locate any independent eye-witnesses to the alleged incident which corroborated the version of events as presented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

31.     Moreover, during the aforesaid investigation, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and/or Sergeant Jerome Moore reviewed video surveillance footage of the aforesaid date, time, and location which CONTRADICTED the version of events as presented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

32.     Notwithstanding the aforesaid, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore concluded that there was sufficient evidence to arrest and charge plaintiff, Raymond Lerro with the following charges: Aggravated Assault, Carrying Firearms Without a License, Carrying Firearms in Public, Possession of an Instrument of Crime, Simple Assault, Recklessly Endangering Another Person, Criminal Mischief by Tampering with Property, and Criminal Mischief.

33.     Notwithstanding the aforesaid, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore acted and/or failed to act in such a manner that plaintiff, Raymond Lerro was wrongfully charged with the following offenses: Aggravated Assault, Carrying Firearms Without a License, Carrying Firearms in Public, Possession of an Instrument of Crime, Simple Assault, Recklessly Endangering Another Person, Criminal Mischief by Tampering with Property, and Criminal Mischief.

34.     Defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore failed to conduct an adequate and/or proper investigation into the incident alleged to have occurred by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

35.     The investigation conducted into the incident alleged to have occurred by defendants, Robert Morrel, Holly Morrel, and Tony Belen by defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore was inadequate, incomplete, and insufficient to support a finding that the defendants, Robert Morrel, Holly Morrel, and Tony Belen provided to law enforcement a truthful version of their contact with plaintiff, Raymond Lerro on the date, time, and location aforesaid, such that their allegations supported the arrest, prosecution, and imprisonment of plaintiff, Raymond Lerro as stated above.

36.     The results/findings of the investigation conducted into the incident alleged to have occurred by defendants, Robert Morrel, Holly Morrel, and Tony Belen by defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore did not provide a sufficient basis and/or justification for any finding by law enforcement that plaintiff, Raymond Lerro acted in the manner as represented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

37.     The results/findings of the investigation conducted into the incident alleged to have occurred by defendants, Robert Morrel, Holly Morrel, and Tony Belen by defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore did

not provide a sufficient basis and/or justification for any finding by law enforcement that the defendants, Robert Morrel, Holly Morrel, and Tony Belen provided to them a truthful accounting of their contact with plaintiff, Raymond Lerro on the date, time, and location aforesaid.

38.     The results/findings of the investigation conducted into the incident alleged to have occurred by defendants, Robert Morrel, Holly Morrel, and Tony Belen by defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore did not provide a sufficient basis and/or justification for any finding by law enforcement that plaintiff, Raymond Lerro acted in the manner as represented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen, such that he should be arrested and charged as stated above.

39.     None of the defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore recovered any physical evidence at the scene which supported the version of events as presented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

40.     None of the defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore recovered any physical evidence from inside of the plaintiff's

vehicle which supported the version of events as presented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

41.    None of the defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore recovered any physical evidence from inside the plaintiff's residence which supported the version of events as presented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

42.    None of the defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore identified, interviewed, and gleaned any information from independent eye-witnesses who provided incriminating evidence against the plaintiff which corroborated the version of events as presented to them by defendants, Robert Morrel, Holly Morrel, and Tony Belen.

43.    Subsequently, notwithstanding that there was no probable cause to place plaintiff, Raymond Lerro under arrest, defendants, Robert Morrel, Holly Morrel, Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore caused him to be arrested, prosecuted, and imprisoned as stated above.

44.    The aforesaid charges were based upon the filing of a fraudulent and/or baseless police report by defendants, Robert Morrel, Holly Morrel, and Tony Belen,

Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore.

45.     The actions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore violated plaintiff, Raymond Lerro's constitutional rights.

46.     The actions of defendants, Robert Morrel, Holly Morrel, and Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore were shocking to the conscious, reckless, and deliberately indifferent to the rights of plaintiff, Raymond Lerro and caused him to be wrongfully arrested, prosecuted, and imprisoned.

47.     The actions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore violated plaintiff, Raymond Lerro's constitutional rights.

48.     As a direct and proximate result of the conduct of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, plaintiff, Raymond Lerro was wrongfully arrested, prosecuted, and imprisoned.

49.     Also as a result of the aforesaid, plaintiff, Raymond Lerro was falsely imprisoned for 16 days.

50.     Also as a result of the aforesaid, plaintiff, Raymond Lerro was forced to expend monies to secure his release on bail.

51.     Also as a result of the aforesaid, plaintiff, Raymond Lerro was forced to expend monies to retain various lawyers to represent him in the prosecution as stated above.

52.     Also as a result of the aforesaid, plaintiff, Raymond Lerro lost his driver's license.

53.     Also as a result of the aforesaid, plaintiff, Raymond Lerro was deprived of his ability to travel about freely.

54.     Also as result of the aforesaid, plaintiff, Raymond Lerro was unable to perform a job which he was contractually obligated to perform and lost income as a result.

55.     Also as a result of the aforesaid, plaintiff, Raymond Lerro sustained severe and debilitating injuries, including but not limited to head pain, blunt head trauma, headaches, dizziness, neck pain, neck pain which radiated down his left arm, back pain, back pain which caused a burning pain which radiated down his right leg and into the toes on his right foot, a laceration to his right finger, right finger pain, pain to the left side of his body, left flank pain, kidney pain, blood in his urine, overall body pain and aches, diminished ability to ambulate as he could prior to the incident, decreased mobility, decreased range of motion, and difficult sleeping,

56.     As a result of the injuries aforesaid, plaintiff, Raymond Lerro has been and probably will in the future be obliged to spend large and various sums of money for medicine and medical attention in endeavoring to treat and cure himself of injuries sustained.

57.     As a further result of the aforesaid, plaintiff, Raymond Lerro has suffered and will continue to suffer great mental anguish, physical pain, depression, nervousness, humiliation, personality change and a loss of natural enjoyment of life and life's pleasures.

58.     As a further result of the aforesaid, plaintiff, Raymond Lerro has and may in the future be hindered and prevented from attending to his daily duties and occupation, to his great detriment and loss.

59.     As a result of the conduct of defendants, plaintiff, Raymond Lerro was forced to retain the services of counsel and incur legal costs and to appear in court on a number of occasions in connection with the defense of false and fraudulent criminal charges lodged against him.

60.     At no time relevant hereto did plaintiff, Raymond Lerro violate any laws or engage in any criminal behavior to justify the actions taken against him by any of the defendants as stated above.

61.     At no time relevant hereto could or did defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore reasonably believe that their conduct toward plaintiff, Raymond Lerro was lawful, privileged, or otherwise permissible

under the laws or Constitutions of the United States and the Commonwealth of Pennsylvania, or that the laws regarding the rights of citizens such as plaintiff was in any way unsettled.

62.     The actions and/or inaction of defendants, Robert Morrel, Holly Morrel, Troy Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, were committed deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

63.     Defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore engaged in the aforesaid conduct for the purpose of violating plaintiff, Raymond Lerro's constitutional rights by causing him to be falsely arrested and prosecuted and falsely imprisoned.

64.     Defendant, City of Philadelphia knew or should have known of the constitutional deprivations committed by defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore through the administration of the general policies and practices within the Philadelphia Police Department.  Furthermore, defendant, City of Philadelphia neglected and refused to enforce existing law or systematically mal-administered the law.

65.     Defendant, City of Philadelphia, acting by and through its agents, servants, and/or employees, was also in violation of the law for failing to reprimand and/or discharge or otherwise discipline police officers found to have engaged in this activity, failing to warn police officers to this type of conduct, failing to formally promulgate and disseminate and train police officers with appropriate and reasonable guidelines for the use of offensive conduct by Philadelphia police officers and is directly liable and responsible for the acts of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore.

66.     Defendant, City of Philadelphia is liable for the acts of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore because the City of Philadelphia, as a matter of policy and practice, has with deliberate indifference, tolerated and permitted the pattern of deprivation of constitutional rights by its police officers, failed to maintain a proper system for review, and failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, with the result that police officers from the City of Philadelphia were encouraged to believe that they could violate the rights of persons such as plaintiff with impunity.

67.     The actions and omissions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles,

Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore deprived plaintiff, Raymond Lerro of his precious rights, privileges and immunities secured unto him by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983; in particular, the right to be free from wrongful arrest and unlawful imprisonment.

68.     Defendant, City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to reprimand, sanction or discipline members of the Philadelphia Police Department, including defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, and is aware of and subsequently conceal violations of the constitutional rights of citizens by its members, thereby causing and encouraging police, including defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, to engage in unlawful conduct.

69.     As a direct and proximate result of the unwarranted, illegal, and unconstitutional actions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, plaintiff, Raymond Lerro was unlawfully arrested, prosecuted, and imprisoned, and suffered the damages as stated above.

70.     The damages suffered by plaintiff, Raymond Lerro was the direct and proximate result of the conduct of all defendants, jointly, severally, directly or vicariously.

### COUNT I
### PLAINTIFF, RAYMOND LERRO V. DEFENDANTS
### CIVIL RIGHTS VIOLATIONS

71.     The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

72.     As a direct and proximate result of the actions and omissions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, plaintiff, Raymond Lerro was deprived of precious rights, privileges, and immunities secured unto him by the laws and Constitution of the United States.

73.     Defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, together and/or with others, conspired to violate and/or did violate the constitutional rights of plaintiff, Raymond Lerro.

74.     The actions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore, deprived plaintiff, Raymond Lerro of the equal protection of the laws and their rights, privileges and immunities under the laws and the Constitution of

the United States, in particular, the Fourth, Fifth, and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; to be secure in his person and property, his right to be free from the unlawful detention, to be secure in his person and property, to be free from unlawful seizure of his person and from false arrest, and to due process of law, all to plaintiff, Raymond Lerro's great detriment and loss.

75.     By these actions, defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore deprived plaintiff, Raymond Lerro of the rights secured unto him by the Constitution of the United States, in particular, the Fourth, Fifth, and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

76.     The aforesaid conduct of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, and Sergeant Jerome Moore conduct was committed alone, together, and in conspiracy with one another.

**WHEREFORE**, plaintiff, Raymond Lerro demands judgment against defendants, Robert Morrel, Holly Morrel, and Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00)

dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT II**
**PLAINTIFF, RAYMOND LERRO V. DEFENDANTS**
**ASSAULT AND BATTERY**

77.     The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

78.     As a direct and proximate result of the actions and omissions of defendants, Robert Morrel, Holly Morrel, and Troy Belen, plaintiff, Raymond Lerro was placed in fear of imminent offensive and unpermitted touching and intrusions upon his person.

79.     As a direct and proximate result of the actions and omissions of defendants, Robert Morrel, Holly Morrel, and Troy Belen, plaintiff, Raymond Lerro suffered offensive and unpermitted touching and intrusions upon his person.

80.     The actions and omissions of defendants, Robert Morrel, Holly Morrel, and Troy Belen were done purposefully with the intent of committing assault and battery and/or were done in reckless disregard of the probability of causing plaintiff, Raymond Lerro to suffer an assault and battery and these actions did in fact result in an assault and battery, all to his great detriment and loss.

**WHEREFORE**, plaintiff, Raymond Lerro demands judgment against defendants, Robert Morrel, Holly Morrel, and Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, jointly and

severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT III
## PLAINTIFF, RAYMOND LERRO V. DEFENDANTS
## MALICIOUS PROSECUTION AND
## MALICIOUS ABUSE OF PROCESS OF LAW

81.    The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as through fully set forth.

82.    Defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, acting as agents and on behalf of defendant, City of Philadelphia, within the scope of their employment, wrongfully, unlawfully and maliciously prosecuted plaintiff, Raymond Lerro by issuing a complaint which charged him with false and fictitious crimes as stated above.

83.    The actions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, as alleged in the preceding paragraphs, were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions

did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Raymond Lerro demands judgment against defendants, Robert Morrel, Holly Morrel, and Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT IV**
**PLAINTIFF, RAYMOND LERRO V. DEFENDANTS**
**FALSE ARREST AND FALSE IMPRISONMENT**

84.    The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as through fully set forth.

85.    Defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, acting as agents and on behalf of defendant, City of Philadelphia, arrested plaintiff, Raymond Lerro without probable cause, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result thereof plaintiff was falsely imprisoned.

86.     Defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, acting as agents and on behalf of defendant, City of Philadelphia, caused criminal proceedings to be commenced and continued against plaintiff, Raymond Lerro to accomplish a purpose for which criminal process was not designed.

87.     As a direct and proximate result of the actions and omissions of the defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, plaintiff, Raymond Lerro was falsely arrested and falsely imprisoned.

88.     The actions and omissions of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff, Raymond Lerro to be falsely arrested and falsely imprisoned and these actions did in faction result in false arrest and false imprisonment, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Raymond Lerro demands judgment against defendants, Robert Morrel, Holly Morrel, and Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT V**
**PLAINTIFF, RAYMOND LERRO V. DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

89.     All the averments contained in preceding paragraphs, inclusive, are incorporated at length herein.

90.     As a direct and proximate result of the reckless and intentional conduct of defendants, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, as described above, plaintiff, Raymond Lerro has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Raymond Lerro demands judgment against defendants, Robert Morrel, Holly Morrel, and Tony Belen, Police Officer Charles Squares, Police Officer Andre Hudgens, Police Officer David Richardson, Police Officer Aviles, Detective John Hopkins, Detective Keith Scott, Detective Joseph Murray, Detective

Dennis Rosenbaum, Sergeant Jerome Moore, and City of Philadelphia, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**LAW OFFICES OF HOLLY C. DOBROSKY**

Dated: December 31, 2015

Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Raymond Lerro
100 South Broad Street
The Land Title Building, Suite 1120
Philadelphia, PA 19110
Telephone: 215-880-7871

## JURY TRIAL DEMAND

Plaintiff, Raymond Lerro demands a trial by jury as to each count.

**WHEREFORE**, Plaintiff, Raymond Lerro requests the following relief, as to each cause, count and defendant

a)      compensatory damages in excess of $250,000.00;

b)      punitive damages;

c)      reasonable attorneys fees and costs; and

d)      such further relief as the Court shall deem just and proper.

**LAW OFFICES OF HOLLY C. DOBROSKY**

Dated: December 31, 2015

Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Raymond Lerro
100 South Broad Street
The Land Title Building, Suite 1120
Philadelphia, PA 19110
Telephone: 215-880-7871

## VERIFICATION

I, Raymond Lerro hereby verify that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language of the pleading is that of counsel and not of the undersigned.  I verify that the facts set forth in the within pleading are true and correct to the best of my information, knowledge, and belief.  To the extent that the contents of the within pleading are that of counsel, verifier has relied upon counsel in making this Verification.  This Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: December 30, 2015

Raymond Lerro